SA'OLOTOGA LAVATA'I, Appellant,
v.
AMERICAN SAMOA GOVERNMENT, Appellee.

High Court of American Samoa
Appellate Division

AP No. 39-81

May 22, 1984

Before GARDNER, Chief Justice, Presiding, KING,* Acting Associate Justice, HEEN,** Acting Associate Justice, TAUANU'U, Chief Associate Judge and OLO, Associate Judge.

Counsel: For the appellant, Martin R. Yerick, Assistant Public Defender
For the appellee, John Parton, Assistant Attorney General

Appellant was convicted by a jury of second degree murder.

Appellant argued with the victim; the argument escalated into a fight with knives and a club. Appellant killed the victim by hitting him over the head with a club.

Appellant contends there was instructional error.

Some trial judges thoroughly confuse even the most astute jurors by reading involved and convoluted instructions covering the most arcane of legal theories. On the other hand some judges attempt to aid the jury by reducing instructions to simple, conversational, easily understood concepts which will aid them in their deliberations. This trial judge fits the latter category.

Voluminous instructions were submitted, some from a simply dreadful set of instructions found in a book entitled "Jury Instructions, High Court of American Samoa" printed in 1978--the year before most of the present penal code was adopted. Its use is discouraged.

This book of instructions is full of redundancies, irrelevancies and downright inaccuracies. For example, instruction 4.04 says that specific intent means that the person does an act which the law forbids, "intending with bad purpose either to disobey or disregard the law." Nonsense. For criminal intent a person intentionally does that which the law declares to be a crime and for specific intent the person merely has the specific intent to commit that certain crime.

8

The most common example is burglary in which one enters a structure with the intent to commit a crime. The specific intent is to commit that crime. Thus, a proper instruction simply is that the crime of burglary requires entry with the specific intent to commit a particular crime. Nothing more is needed. Here the specific intent is to cause the death of another person. This the court said. In each case the appropriate instruction is labeled "given" but was not read verbatum. Instead the gist was given in simple, understandable terms.

Judgment affirmed.

---

*Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation of the Secretary of Interior.
**Honorable Walter M. Heen, Associate Justice, Intermediate Court of Appeals, State of Hawaii, sitting by designation of the Secretary of Interior.